UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

                                                   Case No. 06-43018-608

MOHAMED E. KHAFAGA,                   Chapter 7

                           Debtor.

-------------------------------------------------------------------x

RESCUECOM CORPORATION,

                       Plaintiff,

               - against -                          Adv. Pro. No. 09-01259-608

MOHAMED E. KHAFAGA,

                       Defendant.

-------------------------------------------------------------------x

DECISION

APPEARANCES:

| | |
|---|---|
| Edward Gegan, Esq. | Wayne Greenwald, Esq. |
| 2560 Burnet Avenue | 175 Park Avenue South, 26th Floor |
| Syracuse, New York 13206 | New York, New York 10016 |
| Attorney for Plaintiff | Attorney for Defendant |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter arises in an adversary proceeding seeking to have the debt owed to

Rescuecom Corporation ("Plaintiff" or "Rescuecom") by the Defendant, Mohamed E. Khafaga,

("Defendant" or "Khafaga") declared nondischargeable pursuant to 11 U.S.C §§ 523(a)(2)(A),

523(a)(2)(B), and 523(a)(6).  Defendant has moved to dismiss the first claim for relief set forth

in the amended complaint of Rescuecom as time barred under Fed. R. Bankr. P. 4007(c).  For the

reasons set forth below, the motion is granted.

<u>Facts</u>

Rescuecom is a nationwide computer services franchisor.  Rescuecom franchisees offer

services including computer consulting, repair and Internet services to business and residential

customers.  (Complaint[1] ¶ 8.)  On July 30, 2004, the Defendant and his wholly owned

corporation, 01 Networks, Inc., executed a franchise agreement with the Plaintiff to operate a

Rescuecom franchise.  (Complaint ¶ 10.)  On December 30, 2004, the Defendant purchased a

second Rescuecom franchise, signing a second franchise agreement substantially similar to the

first (collectively, the "Franchise Agreements" or the "Agreements").  (Complaint ¶ 11.)

The Franchise Agreements prohibited the Defendant from competing with Rescuecom

and from diverting business away from Rescuecom, during the term of the Agreements and for a

period of time after any termination of the Agreements.  Under the Franchise Agreements, the

Defendant was required to report all sales and services rendered and all income earned through

providing computer services, and to pay royalties on all such revenue, whether or not it was

provided through his Rescuecom franchise.  (Complaint ¶ 12.)   The Defendant was also required

by the Franchise Agreements to make annual financial disclosures to Rescuecom, which

---

[1] "Complaint" refers to the complaint filed on May 19, 2009.

included disclosure of all business and personal bank accounts, all business and personal tax returns and all sales and income. (Complaint ¶ 16.)

On May 19, 2009, Rescuecom commenced this adversary proceeding seeking a declaration that the debt owed to it by the Defendant is nondischargeable pursuant to §§ 523(a)(2)(A)[2], 523(a)(2)(B), and 523(a)(6) ("Original Complaint"). The Defendant moved to dismiss the Original Complaint under Federal Rule of Civil Procedure 12(b)(6), alleging, among other things, that Rescuecom failed to allege that the Defendant wrongfully induced the Plaintiff to extend money, property, or services under §§ 523(a)(2)(A) and 523(a)(2)(B). By decision dated November 30, 2009, the Court denied the Defendant's motion to dismiss with respect to the claim made under § 523(a)(6); granted the motion with respect to the claims under §§ 523(a)(2)(A) and 523(a)(2)(B); and granted Rescuecom's request for leave to amend the Original Complaint. Rescuecom Corp. v. Khafaga (In re Khafaga) 419 B.R. 539, 553 (Bankr. E.D.N.Y. 2009).

On December 22, 2009, the Plaintiff filed an amended complaint alleging facts and conduct not set forth in the Original Complaint to support its claim under § 523(a)(2)(B) ("Amended Complaint"). No new claims or legal theories were raised. The Defendant seeks to dismiss the repleaded § 523(a)(2)(B) claim, contending that any claim based on these new allegations is time barred under Federal Rule of Bankruptcy Procedure 4007(c).

The following new factual allegations appear in the Amended Complaint:

> 9. Defendant first applied for consideration to become a franchisee of Rescuecom by submitting a written Request for Consideration, which included various false financial representations.

---

[2] Unless otherwise indicated, statutory citations are to provisions of Title 11, U.S.C.

10. Defendant represented in his Request for Consideration that he had $25,000 in cash and $100,000 in real estate, which he held free and clear of any mortgage. Altogether, he represented himself as having $132,000 in assets and $20,000 in liabilities with a net worth of $112,000.

11. Upon information and belief, at the time Defendant submitted his Request for Consideration, he did not have $25,000 in cash, did not have any cash at all, and his bank account was overdrawn.

12. Upon information and belief, at the time Defendant submitted his Request for Consideration, he did not own any real estate.

13. Upon information and belief, although Defendant's wife did own real estate, such real estate was encumbered by a mortgage and the Defendant's representations regarding value or equity in that property were not correct.

14. Upon information and belief, at the time Defendant submitted his Request for Consideration, he did not have a net worth of $112,000, but in fact had a negative net worth of negative $12,000.

15. Upon information and belief, Defendant intended to submit this Request for Consideration for the purpose of inducing Plaintiff to sell him a franchise.

16. Plaintiff relied upon these false representations in offering the franchise to Defendant.

(Amended Complaint, Paragraphs 9-16.)

## Jurisdiction

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334, and the Eastern District of New York standing order of reference dated August 28, 1986.  This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Discussion

Original Complaint

In the Original Complaint, Rescuecom alleged that the debt owed by the Defendant is nondischargeable pursuant to § 523(a)(2)(A) based on the Defendant's misrepresentations regarding his involvement in a competing business, Computer Medics. Rescuecom sought $33,487.68 under a stipulated damages provision in the Franchise Agreements, as well as royalties and fees based on revenues generated by Computer Medics. Rescuecom alleged that the Defendant started and operated Computer Medics with his wife, under his wife's name, in violation of the Franchise Agreements; and that the Defendant diverted business from his Rescuecom franchise to Computer Medics, and concealed revenues earned through Computer Medics, in order to generate additional income from computer repair sales and servicing without paying royalties and fees to Plaintiff, as required under the Franchise Agreements.

Plaintiff's claim under § 523(a)(2)(A) was dismissed because of the failure to allege that the purported damages were caused by the Defendant's misrepresentations and omissions that were detailed in the original complaint for purposes of § 523(a)(2)(A). "The damages claimed by Rescuecom arose at the point of breach, prior to any alleged false pretense or omission made by the Defendant, and would be 'precisely the same' without a claim of fraudulent conduct." Khafaga, 419 B.R. at 547-48 (E.D.N.Y. 2009) (quoting Sandek v. Dobrayel (In re Dobrayel), 287 B.R. 3, 24 (Bankr. S.D.N.Y. 2002)).

Rescuecom confronted the same obstacle with its original claim under § 523(a)(2)(B). In that count, Rescuecom alleged that in the course of operating the franchise, the Defendant knowingly submitted false "financial reports regarding sales and services rendered and revenues earned . . . with the specific intent of deceiving Plaintiff as to Defendant-Debtor's true sales and services rendered and true revenues earned through the Computer Medics business." (Complaint

¶ 41.)   This claim was also dismissed "because the requisite causal connection [was] lacking between the allegedly false written statements and the damages claimed by Rescuecom." Khafaga, 419 B.R. at 548.  "[T]he claimed damages arose when the Franchise Agreements were breached, prior to the receipt of the false statements.  Therefore, Rescuecom cannot plausibly allege that it suffered damages because it relied, let alone 'reasonably relied' on the Defendant's false written statements, as it is required to do under § 523(a)(2)(B)."  Id. (quoting 11 U.S.C. § 523(a)(2)(B)."

Amended Complaint's First Claim for Relief under § 523(a)(2)(B)

In an attempt to correct the deficiencies in the Original Complaint, Rescuecom admittedly "[does] not raise any new claims or assert new legal theories, but instead include[s] new factual allegations to address the Court's finding that the original factual allegations occurred *after* the signing of the franchise agreement."  (Plaintiff's Memorandum of Law in Response and Opposition to Defendant's Second Motion to Dismiss, P. 5, Section A.)  To support its claim under § 523(a)(2)(B), Rescuecom now contends that it approved the Defendant as a franchisee in reliance on the Defendant's written request for consideration ("Request for Consideration"), which Rescuecom alleges was "materially false" with respect to the Defendant's finances and assets ("Amended Claim").  11 U.S.C. § 523(a)(2)(B).

The Defendant argues that the Amended Claim is time barred under Federal Rule of Bankruptcy Procedure 4007(c), which provides that "a complaint to determine the dischargeability of a debt under § 523(c) [includes § 523(a)(2) debts] shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  Fed. R. Bankr. P. 4007(c).  While the original complaint seeking the determination of nondischargeability was

timely filed, the Amended Claim under § 523(a)(2)(B) was not.  In response, Rescuecom argues

that the Court should equitably toll the statute of limitations.  Rescuecom also argues that the

Amended Claim relates back to the date of the original complaint under Federal Rule of Civil

Procedure 15(c)(1), made applicable to these proceedings by Federal Rule of Bankruptcy

Procedure 7015, and is therefore not barred by the statute of limitations.  Fed. R. Civ. P.

15(c)(1).

Equitable Tolling

Rescuecom argues that the Court has the authority to toll the statute of limitations

provided in Federal Rule of Bankruptcy procedure 4007(c).  See European Am. Bank v.

Benedict (In re Bendict), 90 F.3d 50 (2d Cir. 1996) (holding that "Rule 4007(c) is not

jurisdictional and thus is subject to waiver, estoppel, and equitable tolling").  "Under the doctrine

of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to

the statute of limitations in order to prevent inequity."  Rochester v. Sixth Precinct Police

Station, 2010 U.S. App. LEXIS 6127, No. 09-0630-pr, at *2 (2d Cir. 2010).  "In New York, a

plaintiff seeking to invoke the doctrine[] of . . . equitable tolling is required to demonstrate that

the failure to timely commence the lawsuit is not attributable to a lack of diligence on his or her

part." Rochester, 2010 U.S. App. LEXIS 6127 at *3.  "Typically, the statute of limitations is

equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff

has a cause of action, or when the plaintiff is induced by the defendant to forgo a lawsuit until

the statute of limitations has expired."  Id. (citing Pearl v. City of Long Beach, 296 F.3d 76, 82-

83 (2d Cir. 2002)).

Rescuecom makes no claim of fraudulent concealment on the Defendant's part that would justify equitable tolling.  To the contrary, Rescuecom asserts that it questioned the Defendant "exhaustively" on the facts that gave rise to Rescuecom's Amended Claim at the Defendant's Rule 2004 examination  (Plaintiff's Memorandum of Law in Response and Opposition to Defendant's Second Motion to Dismiss, P. 8-9, Section B), and asserts in opposition to this motion that the examination was so extensive as to have provided notice to the Defendant of Rescuecom's claims. (Id. at 7-8.)  Clearly, nothing in the record supports Rescuecom's claim that the doctrine of equitable tolling should be applied in this case.

Relation Back Under Rule 15(c)

Under Rule 15(c)(1), "[a]n amendment to a pleading relates back to the date of an original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading."  Fed. R. Civ. P. 15(c)(1).   "An amended complaint is deemed to arise out of the same conduct, transaction or occurrence as the original complaint when both are linked by a common core of operative facts." Ainbinder v. Kelleher, 1997 U.S. Dist. LEXIS 10832, No. 92 Civ. 7315 (SS), at *21-22 (S.D.N.Y. July 25, 1997) (quoting Oliner v. McBride's Indus., Inc., 106 F.R.D. 9, 12 (S.D.N.Y. 1985.  Even where an amended claim seeks relief under an entirely new cause of action, it will relate back so long as additional facts are not alleged.  See CIT Group/Factoring Manufacturers Hanover, Inc. V. Srour (In re Srour), 138 B.R. 413, 418 (Bankr. S.D.N.Y. 1992) (noting that the focus of the Federal Rules is on "'the specified conduct of the defendant upon which the plaintiff'" bases his new claim) (quoting James Moore et al., Moore's Manual Federal Practice and Procedure, § 909.09[9], 9-153 (2d ed. 1991)).   On the other hand, an amended complaint that "sets forth a separate set of operative facts" does not relate back under Rule 15(c).

Ainbinder, 1997 U.S. Dist. LEXIS 10832 at *22.  "The essential inquiry . . . 'is whether the

defendant was given adequate notice that such claims might be made upon examining the facts

alleged in the original pleading.'"  Ainbinder, 1997 U.S. Dist. LEXIS 10832 at *22 (quoting

Marine Midland Bank v. Keplinger & Assocs., Inc., 94 F.R.D. 101, 104 (S.D.N.Y. 1982).

    The Defendant in this case received no such notice from the allegations in the original

pleading.  The Original Complaint set forth in detail conduct allegedly committed by the

Defendant in violation of the executed Franchise Agreements after the Defendant began

operating his Rescuecom franchise.  The Amended Claim, by contrast, is based on an allegedly

fraudulent Request for Consideration submitted to Rescuecom prior to the execution of the

Franchise Agreements.  The factual discrepancies between the original and amended claims - -

different time frames, different alleged conduct, and different operative facts - - preclude a

finding that the amended claim relates back.  See  Flexi-Van Leasing, Inc. v. Perez (In re Perez),

173 B.R. 284, 292 (Bankr. E.D.N.Y. 1994) (noting that original and amended claims arising out

of the same factual occurrence is condition precedent to finding of relation back under 15(c));

See also Bank Brussels Lambert v. Chase Manhattan Bank, N.A., 1999 U.S. Dist. LEXIS 13235,

No. 93 Civ. 5298 (LMM), at *8 (S.D.N.Y. Aug. 27, 1999) (new allegations relate back only if

they "amplify the facts alleged in the original pleading or set forth those facts with greater

specificity").

    Rescuecom admits that the Amended Complaint is based on new factual allegations and

does not claim that the Original Complaint provided the requisite notice to the Defendant for

purposes of relation back under Rule 15(c).  (Plaintiff's Memorandum of Law in Response and

Opposition to Defendant's Second Motion to Dismiss, P. 5, Section A) (noting that the Amended

Complaint "include[s] new factual allegations to address the Court's finding" in the Decision dated November 30, 2009.)  Rather, Rescuecom argues that the Defendant had adequate notice of the allegations raised in the Amended Claim by virtue of the questions asked during the examination taken pursuant to Federal Rule of Bankruptcy Procedure 2004, which was conducted on April 5, 2007, two years prior to its commencement of this adversary proceeding.

    A similar argument in support of allowing an amended pleading to relate back was rejected in Bank Brussels Lambert.  There, plaintiffs, seeking leave to amend their original complaint, argued that the defendant was put on notice of the claims alleged in the amended complaint "through discovery or other pretrial proceedings."  Bank Brussels Lambert, 1999 U.S. Dist. LEXIS 13235 at *7.  In rejecting the plaintiff's argument, the court held that the requisite notice must be given by the allegations set forth in the original complaint, and held that Ainbinder stated the correct rule: an amended complaint relates back to the date of the filing of the original complaint where adequate notice of an amended claim was given by "'the facts alleged in the *original pleading*.'"  Ainbinder, 1997 U.S. Dist. LEXIS 10832 at *22 (quoting Marine Midland Bank, 94 F.R.D. at 104) (emphasis added).  See also In re Asbestos Prods. Liab. Litig., 2009 U.S. Dist. LEXIS 68254, No. 07-cv-63839, at *26-27 (E.D. Pa. Aug. 5, 2009) (notice inquiry focuses on whether the original complaint provided adequate notice, "not whether discovery . . . gave the defendants constructive notice of the claim asserted in the proposed amended pleading").

    Citing Grattan v. Burnett, 710 F.2d 160 (4th Cir. 1983), Rescuecom maintains that notice of the factual basis for an amended claim need not be given in the original pleading.  There, the plaintiffs filed amended claims in 1981 raising race and sex discrimination claims not pled in

their original complaint filed in 1977.  Finding that the 1981 claims related back under Rule

15(c), the Grattan court noted that the Defendants, as top officials of the college in question were

"bound to have known" of the discrimination claims raised in complaints filed with the Equal

Employment Opportunity Commission ("EEOC") in 1976, and therefore, had notice of the

claims and would not be prejudiced by the amendment.  Grattan, 710 F.2d 160, 163 (4th Cir.

1983).

       Rescuecom misstates the basis on which the Grattan court found that the claims related

back, and overstates the court's reliance, in its holding, on the earlier complaint filed with the

EEOC.  Although the court looked outside the four corners of the original complaint to

determine whether the Defendant would be prejudiced by inadequate notice, it did so only after

making the requisite preliminary determination that a factual nexus existed between the

plaintiffs' original claim for arbitrary dismissal from public employment and later claims for sex

and race discrimination. The court explained its analysis as follows:

> First, to relate back there must be a factual nexus between
> the amendment and the original complaint.  Second, if there is
> some factual nexus an amended claim is liberally construed to
> relate back to the original complaint if the defendant had notice of
> the claim and will not be prejudiced by the amendment.

Grattan, 710 F.2d at 163 (citations omitted).  Before considering whether the defendant would be

prejudiced by inadequate notice, the Grattan court first concluded that "both [the original

complaint and amended complaint] concern the events leading up to their termination . . . , and

[that] in both [the original complaint and amended complaint] the termination was the ultimate

wrong of which they complained." Grattan, 710 F.2d at 163.  The holding in Grattan is

11

consistent with <u>Ainbinder</u> and with the unambiguous language of Rule 15(c), which requires a court to determine whether the amendment asserts a claim "that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."  Fed. R. Civ. P. 15(c)(1).

As the Amended Claim wholly relies on facts not alleged in the Original Complaint, the Amended Claim does not relate back under Rule 15(c)(1).  <u>Slayton v. Am. Express Co.</u>, 460 F.3d 215, 228 (2d Cir. 2006) ("[E]ven where an amended complaint tracks the legal theory of the first complaint, claims that are based on an 'entirely distinct set' of factual allegations will not relate back") (<u>quoting</u> <u>Nettis v. Levitt</u>, 241 F.3d 186, 193 (2d Cir. 2001)).

<u>Conclusion</u>

The Defendant's motion to dismiss is granted.  A separate order shall issue herewith.



**Dated: Brooklyn, New York**
**July 9, 2010**

_____
                                                    **Carla E. Craig**
                                          **United States Bankruptcy Judge**